UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | Case No. 1:23-cr-55 |
|---|---|---|
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| SEAD MILJKOVIC | ) | Magistrate Judge Steger |

## ENDS OF JUSTICE ORDER

Before the Court is Defendant Sead Miljkovic's Motion to Continue All Deadlines & Trial Date [Doc. 56]. Based on travel arrangements that must be made for witnesses who reside outside the United States, Defendant requests a continuance of the trial in this matter, which is scheduled to begin on January 28, 2025. [*Id.* at 2; Doc. 42 at 3]. In its response to Defendant's motion, the Government indicates that it does not oppose the request for a continuance but requests a status conference "to set a date certain for trial." [Doc. 57 at 1].

The Court conducted a status conference on December 5, 2024. During the status conference, counsel for Defendant explained that he spoke with his client, and his client expressed support for the requested continuance. The parties agreed that a trial date of April 29, 2025, would provide sufficient time to arrange for the travel of international witnesses and ensure that this matter is ready for trial. Moreover, the Court encouraged the parties to work together towards the timely disclosure of *Brady*, *Giglio*, and Jencks Act material, particularly in light of the need to translate much of this material to English in advance of trial.

Ultimately, based on the circumstances in this case, the Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and Defendant in a speedy trial. Specifically, the Court finds that the unusual and complex nature of the prosecution—with witnesses located outside the United States and many discovery materials in need of

translation—renders a continuance necessary. 18 U.S.C. § 3161(h)(7)(B)(ii). In addition, the failure to grant the requested continuance would deny Defendant's attorney the reasonable time necessary for effective preparation, taking into consideration the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Motion to Continue All Deadlines & Trial Date [Doc. 56] is **GRANTED**, and the following new trial schedule is **ORDERED** for Defendant:

| | |
|---|---|
| Plea Deadline: | **March 31, 2025** |
| Jury Instructions Due: | **March 31, 2025** |
| Final Pretrial Conference: | **April 14, 2025, at 11:00 a.m.** |
| Trial: | **April 29, 2025, at 9:00 a.m.** |

The final pretrial conference will be held at the United States Courthouse, **800 Market Street, Knoxville, Tennessee**. The trial will be held at the United States Courthouse, **900 Georgia Avenue, Chattanooga, Tennessee**. The parties are **DIRECTED** to refer to the requirements of the Modified Discovery and Scheduling Order [Doc. 30], all other provisions of which remain in full effect.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**